ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
CALENDAR: D
PAGE 1 of 23
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

31006:JAF:njp

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MELVIN MENDEZ; EBONY GRAYS; JANESSA MENDEZ, a minor, by and through her father and next best friend, MELVIN MENDEZ; JONATHAN MENDEZ, a minor, by and through his father and next best friend, MELVIN MENDEZ; JANIA MENDEZ, a minor, by and through her father and next best friend, MELVIN MENDEZ. <br><br> Plaintiffs, <br><br> vs. <br><br> JAM LOGISTICS, INC. and ALLEN KELLEY, <br><br> Defendants. | No: <br><br> Amount: In Excess of Fifty Thousand Dollars ($50,000) Plus the Costs of This Suit. <br><br> Return Date: |

### COMPLAINT

NOW COMES the Plaintiffs, MELVIN MENDEZ; EBONY GRAYS; JANESSA

MENDEZ, a minor, by and through her father and next best friend, MELVIN MENDEZ;

JONATHAN MENDEZ, a minor, by and through his father and next best friend, MELVIN

MENDEZ; JANIA MENDEZ, a minor, by and through her father and next best friend, MELVIN

MENDEZ, by and through their attorneys, THE VRDOLYAK LAW GROUP, LLC, and

complaining of the Defendants, JAM LOGISTICS, INC., and ALLEN KELLEY, and states as

follows:

### COUNT I - MELVIN MENDEZ vs. ALLEN KELLEY

1.　　That on or about March 31, 2015, and at all relevant times herein, the Defendant, ALLEN

KELLEY, operated, maintained, and controlled a motor vehicle, travelling in a generally



EXHIBIT
A

southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

2.     That at the aforesaid time, and at all relevant times herein the Plaintiff, MELVIN MENDEZ, owned, managed, maintained, and drove a motor vehicle, traveling in a generally southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

3.     That at the aforesaid time and place, and at all relevant times herein, the Defendant drove said motor vehicle into a violent rear-end collision with the vehicle Plaintiff was operating.

4.     That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for his own safety and the safety of others; that care being commensurate with his age, intellect and mental capacity and with the physical circumstances existent at such time and place.

5.     At the aforesaid time and place and at all relevant times herein, the Defendant owed a duty to the Plaintiff, and to the public generally, to exercise due and proper care and caution in the operation of the said motor vehicle.

6.     That at the aforesaid time and place and all relevant times herein, the Defendant breached the aforesaid duty to the Plaintiff through one or more of the following negligent and careless acts and/or omissions:

    (a)    owned, operated, controlled, and drove said motor vehicle into collision with Plaintiff;

    (b)    failed to keep said motor vehicle under proper and sufficient control;

    (c)    operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

    (d)    operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 2 of 23

2

(e)     failed to avoid an accident with the Plaintiff's vehicle when it was reasonably necessary to ensure Plaintiff's safety;

(f)     failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601;

(g)     failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

7.     As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, ALLEN KELLEY, the Plaintiff, MELVIN MENDEZ, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, the Plaintiff, MELVIN MENDEZ, demands judgment against the Defendant, ALLEN KELLEY, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.

## COUNT II – MELVIN MENDEZ v. JAM LOGISTICS, INC.

1.     That on or about March 31, 2015, and at all relevant times herein, ALLEN KELLEY, an authorized and/or ostensible agent of the Defendant, JAM LOGISTICS, INC., operated, controlled and drove a motor vehicle, traveling in a generally southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

2.     That at the aforesaid time and place, and at all relevant times herein, the Defendant, JAM LOGISTICS, INC., owned and maintained said motor vehicle then and there operated, controlled and driven by an authorized and/or ostensible agent of the Defendant, ALLEN KELLEY.

3.     That at the aforesaid time and place, and at all relevant times herein, the authorized and/or ostensible agent of the Defendant, ALLEN KELLEY, operated, controlled and drove the motor vehicle with the knowledge, consent and express and/or implied permission of the Defendant, JAM LOGISTICS, INC.

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 3 of 23

3

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 4 of 23

4.     That at the aforesaid time and place, and all relevant times herein, the authorized and/or ostensible agent of the Defendant, ALLEN KELLEY, operated, controlled and drove the motor vehicle within the permission of the Defendant, JAM LOGISTICS, INC.

5.     That at the aforesaid time and place, and at all relevant times herein, the Defendant, JAM LOGISTICS, INC., had a right of control over its authorized and/or ostensible agent, ALLEN KELLEY, in the operation of the aforesaid motor vehicle.

6.     That at the aforesaid time and place, and at all relevant times herein, the authorized agent of the Defendant, ALLEN KELLEY, was conducting himself in such a manner as to cause members of the general public, including the Plaintiff, MELVIN MENDEZ, to believe that he was an agent of the Defendant, JAM LOGISTICS, INC..

7.     That at the aforesaid time and place, the Plaintiff, MELVIN MENDEZ, owned, operated, controlled and drove a motor vehicle, traveling in a generally southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

8.     That at the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and principal through its agent, ALLEN KELLEY, did then and there drive said motor vehicle into a violent rear-end collision with the vehicle Plaintiff was operating.

9.     That at all relevant times herein, the Plaintiff, MELVIN MENDEZ, was in the exercise of all due care and caution for his own safety and the safety of others; that care being commensurate with his age, intellect and mental capacity and with the physical circumstances existent at such time and place

10.    That the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and principal through his authorized and/or ostensible agent, ALLEN KELLEY, owed a duty to the

Plaintiff, MELVIN MENDEZ, and to the public generally to exercise due and proper care and caution in the operation of said motor vehicle.

11.    That at the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and principal through his authorized and/or ostensible agent, ALLEN KELLEY, breached the aforesaid duty to the Plaintiff, MELVIN MENDEZ, through one or more of the following acts and /or omissions:

    (a)    owned, operated, controlled, and drove said motor vehicle into collision with Plaintiff;

    (b)    failed to keep said motor vehicle under proper and sufficient control;

    (c)    operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

    (d)    operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

    (e)    failed to avoid an accident with the Plaintiff's vehicle when it was reasonably necessary to ensure Plaintiff's safety;

    (f)    failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601;

    (g)    failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

12.    As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, JAM LOGISTICS, INC., the Plaintiff, MELVIN MENDEZ, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, the Plaintiff, MELVIN MENDEZ, demands judgment against the Defendant, JAM LOGISTICS, INC., for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 5 of 23

## COUNT III - EBONY GRAYS vs. ALLEN KELLEY

1.      That on or about March 31, 2015, and at all relevant times herein, the Defendant, ALLEN

KELLEY, owned, operated, maintained, and controlled a motor vehicle, travelling in a generally

southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook,

Illinois.

2.      That at the aforesaid time, and at all relevant times herein the Plaintiff, EBONY GRAYS,

was a passenger in a vehicle, being driven by co-plaintiff MELVIN MENDEZ, traveling in a

generally southbound direction on I-90, at or near the Adams Street exit, City of Chicago,

County of Cook, Illinois.

3.      That at the aforesaid time and place, and at all relevant times herein, the Defendant

drove said motor vehicle into a violent rear-end collision with the vehicle Plaintiff was travelling

in as a passenger.

4.      That at all relevant times herein, the Plaintiff was in the exercise of all due care and

caution for her own safety and the safety of others; that care being commensurate with her age,

intellect and mental capacity and with the physical circumstances existent at such time and place.

5.      At the aforesaid time and place and at all relevant times herein, the Defendant owed a

duty to the Plaintiff, and to the public generally, to exercise due and proper care and caution in

the operation of the said motor vehicle.

6.      That at the aforesaid time and place and all relevant times herein, the Defendant breached

the aforesaid duty to the Plaintiff through one or more of the following negligent and careless

acts and/or omissions:

      (a)     owned, operated, controlled, and drove said motor vehicle into collision with
            Plaintiff;

      (b)     failed to keep said motor vehicle under proper and sufficient control;

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 6 of 23

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 7 of 23

(c)     operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

(d)     operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

(e)     failed to avoid an accident with the Plaintiff's vehicle when it was reasonably necessary to ensure Plaintiff's safety;

(f)     failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601;

(g)     failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

7.     As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, ALLEN KELLEY, the Plaintiff, EBONY GRAYS, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, the Plaintiff, EBONY GRAYS, demands judgment against the Defendant, ALLEN KELLEY, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.

## COUNT IV – EBONY GRAYS v. JAM LOGISTICS, INC.

1.     That on or about March 31, 2015, and at all relevant times herein, ALLEN KELLEY, an authorized and/or ostensible agent of the Defendant, JAM LOGISTICS, INC., operated, controlled and drove a motor vehicle, traveling in a generally southbound direction on on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

2.     That at the aforesaid time and place, and at all relevant times herein, the Defendant, JAM LOGISTICS, INC., owned and maintained said motor vehicle then and there operated, controlled and driven by an authorized and/or ostensible agent of the Defendant, ALLEN KELLEY.

3.      That at the aforesaid time and place, and at all relevant times herein, the authorized and/or ostensible agent of the Defendant, ALLEN KELLEY, operated, controlled and drove the motor vehicle with the knowledge, consent and express and/or implied permission of the Defendant, JAM LOGISTICS, INC.

4.      That at the aforesaid time and place, and all relevant times herein, the authorized and/or ostensible agent of the Defendant, ALLEN KELLEY, operated, controlled and drove the motor vehicle within the permission of the Defendant, JAM LOGISTICS, INC.

5.      That at the aforesaid time and place, and at all relevant times herein, the Defendant, JAM LOGISTICS, INC., had a right of control over its authorized and/or ostensible agent, ALLEN KELLEY, in the operation of the aforesaid motor vehicle.

6.      That at the aforesaid time and place, and at all relevant times herein, the authorized agent of the Defendant, ALLEN KELLEY, was conducting himself in such a manner as to cause members of the general public, including the Plaintiff, EBONY GRAYS, to believe that he was an agent of the Defendant, JAM LOGISTICS, INC.

7.      That at the aforesaid time, and at all relevant times herein the Plaintiff, EBONY GRAYS, was a passenger in a vehicle, being driven by co-plaintiff MELVIN MENDEZ, traveling in a generally southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

8.      That at the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and principal through its agent, ALLEN KELLEY, did then and there drive said motor vehicle into a violent rear-end collision with the vehicle Plaintiff was travelling in as a passenger.

9.      That at all relevant times herein, the Plaintiff, EBONY GRAYS, was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 8 of 23

8

with her age, intellect and mental capacity and with the physical circumstances existent at such time and place

10.    That the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and principal through his authorized and/or ostensible agent, ALLEN KELLEY, owed a duty to the Plaintiff, EBONY GRAYS, and to the public generally to exercise due and proper care and caution in the operation of said motor vehicle.

11.    That at the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and principal through his authorized and/or ostensible agent, ALLEN KELLEY, breached the aforesaid duty to the Plaintiff, EBONY GRAYS, through one or more of the following acts and /or omissions:

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 9 of 23

  (a)    owned, operated, controlled, and drove said motor vehicle into collision with Plaintiff;

  (b)    failed to keep said motor vehicle under proper and sufficient control;

  (c)    operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

  (d)    operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

  (e)    failed to avoid an accident with the Plaintiff's vehicle when it was reasonably necessary to ensure Plaintiff's safety;

  (f)    failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601;

  (g)    failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

12.    As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, JAM LOGISTICS, INC., the Plaintiff, EBONY GRAYS, suffered injuries and damages of a personal, pecuniary and permanent nature.

9

WHEREFORE, the Plaintiff, EBONY GRAYS, demands judgment against the

Defendant, JAM LOGISTICS, INC., for a sum in excess of FIFTY THOUSAND ($50,000.00)

DOLLARS, plus costs of this suit.

### COUNT V – JANESSA MENDEZ, a minor, by and through her father and next best friend, MELVIN MENDEZ v. ALLEN KELLEY

1.      That on or about March 31, 2015, and at all relevant times herein, the Defendant, ALLEN

KELLEY, owned, operated, maintained, and controlled a motor vehicle, travelling in a generally

southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook,

Illinois.

2.      That at the aforesaid time, and at all relevant times herein the Plaintiff, JANESSA

MENDEZ, a minor, was a passenger in a vehicle, being driven by co-plaintiff MELVIN

MENDEZ, traveling in a generally southbound direction on I-90, at or near the Adams Street

exit, City of Chicago, County of Cook, Illinois.

3.      That at the aforesaid time and place, and at all relevant times herein, the Defendant

drove said motor vehicle into a violent rear-end collision with the vehicle Plaintiff was travelling

in as a passenger.

4.      That at all relevant times herein, the Plaintiff was in the exercise of all due care and

caution for her own safety and the safety of others; that care being commensurate with her age,

intellect and mental capacity and with the physical circumstances existent at such time and place.

5.      At the aforesaid time and place and at all relevant times herein, the Defendant owed a

duty to the Plaintiff, and to the public generally, to exercise due and proper care and caution in

the operation of the said motor vehicle.

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 10 of 23

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 11 of 23

6.      That at the aforesaid time and place and all relevant times herein, the Defendant breached the aforesaid duty to the Plaintiff through one or more of the following negligent and careless acts and/or omissions:

(a)     owned, operated, controlled, and drove said motor vehicle into collision with Plaintiff;

(b)     failed to keep said motor vehicle under proper and sufficient control;

(c)     operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

(d)     operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

(e)     failed to avoid an accident with the Plaintiff's vehicle when it was reasonably necessary to ensure Plaintiff's safety;

(f)     failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601;

(g)     failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

7.      As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, ALLEN KELLEY, the Plaintiff, JANESSA MENDEZ, suffered injuries and damages of a personal, pecuniary and permanent nature.

        WHEREFORE, the Plaintiff, JANESSA MENDEZ, by and through her father and next best friend, MELVIN MENDEZ, demands judgment against the Defendant, ALLEN KELLEY, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.

## COUNT VI – JANESSA MENDEZ, a minor, by and through her father and next best friend, MELVIN MENDEZ v. JAM LOGISTICS, INC.

1.      That on or about March 31, 2015, and at all relevant times herein, ALLEN KELLEY, an authorized and/or ostensible agent of the Defendant, JAM LOGISTICS, INC., operated,

11

controlled and drove a motor vehicle, traveling in a generally southbound direction on on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

2.      That at the aforesaid time and place, and at all relevant times herein, the Defendant, JAM LOGISTICS, INC., owned and maintained said motor vehicle then and there operated, controlled and driven by an authorized and/or ostensible agent of the Defendant, ALLEN KELLEY.

3.      That at the aforesaid time and place, and at all relevant times herein, the authorized and/or ostensible agent of the Defendant, ALLEN KELLEY, operated, controlled and drove the motor vehicle with the knowledge, consent and express and/or implied permission of the Defendant, JAM LOGISTICS, INC.

4.      That at the aforesaid time and place, and all relevant times herein, the authorized and/or ostensible agent of the Defendant, ALLEN KELLEY, operated, controlled and drove the motor vehicle within the permission of the Defendant, JAM LOGISTICS, INC.

5.      That at the aforesaid time and place, and at all relevant times herein, the Defendant, JAM LOGISTICS, INC., had a right of control over its authorized and/or ostensible agent, ALLEN KELLEY, in the operation of the aforesaid motor vehicle.

6.      That at the aforesaid time and place, and at all relevant times herein, the authorized agent of the Defendant, ALLEN KELLEY, was conducting himself in such a manner as to cause members of the general public, including the Plaintiff, JANESSA MENDEZ, to believe that he was an agent of the Defendant, JAM LOGISTICS, INC.

7.      That at the aforesaid time, and at all relevant times herein the Plaintiff, JANESSA MENDEZ, a minor, was a passenger in a vehicle, being driven by co-plaintiff MELVIN MENDEZ, traveling in a generally southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 12 of 23

12

8. That at the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and principal through its agent, ALLEN KELLEY, did then and there drive said motor vehicle into a violent rear-end collision with the vehicle Plaintiff was travelling in as a passenger.

9. That at all relevant times herein, the Plaintiff, JANESSA MENDEZ, was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and place

10. That the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and principal through his authorized and/or ostensible agent, ALLEN KELLEY, owed a duty to the Plaintiff, JANESSA MENDEZ, and to the public generally to exercise due and proper care and caution in the operation of said motor vehicle.

11. That at the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and principal through his authorized and/or ostensible agent, ALLEN KELLEY, breached the aforesaid duty to the Plaintiff, JANESSA MENDEZ, through one or more of the following acts and /or omissions:

    (a)    owned, operated, controlled, and drove said motor vehicle into collision with Plaintiff;

    (b)    failed to keep said motor vehicle under proper and sufficient control;

    (c)    operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

    (d)    operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

    (e)    failed to avoid an accident with the Plaintiff's vehicle when it was reasonably necessary to ensure Plaintiff's safety;

    (f)    failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601;

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 13 of 23

13

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 14 of 23

(g)    failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

12.    As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, JAM LOGISTICS, INC., the Plaintiff, JANESSA MENDEZ, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, the Plaintiff, JANESSA MENDEZ, by and through her father and next best friend, MELVIN MENDEZ, demands judgment against the Defendant, JAM LOGISTICS, INC., for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.

## COUNT VII – JONATHAN MENDEZ, a minor, by and through his father and next best friend, MELVIN MENDEZ v. ALLEN KELLEY

1.    That on or about March 31, 2015, and at all relevant times herein, the Defendant, ALLEN KELLEY, owned, operated, maintained, and controlled a motor vehicle, travelling in a generally southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

2.    That at the aforesaid time, and at all relevant times herein the Plaintiff, JONATHAN MENDEZ, a minor, was a passenger in a vehicle, being driven by co-plaintiff MELVIN MENDEZ, traveling in a generally southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

3.    That at the aforesaid time and place, and at all relevant times herein, the Defendant drove said motor vehicle into a violent rear-end collision with the vehicle Plaintiff was travelling in as a passenger.

14

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 15 of 23

4.      That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for his own safety and the safety of others; that care being commensurate with his age, intellect and mental capacity and with the physical circumstances existent at such time and place.

5.      At the aforesaid time and place and at all relevant times herein, the Defendant owed a duty to the Plaintiff, and to the public generally, to exercise due and proper care and caution in the operation of the said motor vehicle.

6.      That at the aforesaid time and place and all relevant times herein, the Defendant breached the aforesaid duty to the Plaintiff through one or more of the following negligent and careless acts and/or omissions:

      (a)    owned, operated, controlled, and drove said motor vehicle into collision with Plaintiff;

      (b)    failed to keep said motor vehicle under proper and sufficient control;

      (c)    operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

      (d)    operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

      (e)    failed to avoid an accident with the Plaintiff's vehicle when it was reasonably necessary to ensure Plaintiff's safety;

      (f)    failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601;

      (g)    failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

7.      As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, ALLEN KELLEY, the Plaintiff, JONATHAN MENDEZ, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, the Plaintiff, JONATHAN MENDEZ, by and through her father and next

best friend, MELVIN MENDEZ, demands judgment against the Defendant, ALLEN KELLEY,

for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.

### COUNT VIII – JONATHAN MENDEZ, a minor, by and through his father and next best friend, MELVIN MENDEZ v. JAM LOGISTICS, INC.

1.      That on or about March 31, 2015, and at all relevant times herein, ALLEN KELLEY, an

authorized and/or ostensible agent of the Defendant, JAM LOGISTICS, INC., operated,

controlled and drove a motor vehicle, traveling in a generally southbound direction on on I-90, at

or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

2.      That at the aforesaid time and place, and at all relevant times herein, the Defendant, JAM

LOGISTICS, INC., owned and maintained said motor vehicle then and there operated, controlled

and driven by an authorized and/or ostensible agent of the Defendant, ALLEN KELLEY.

3.      That at the aforesaid time and place, and at all relevant times herein, the authorized

and/or ostensible agent of the Defendant, ALLEN KELLEY, operated, controlled and drove the

motor vehicle with the knowledge, consent and express and/or implied permission of the

Defendant, JAM LOGISTICS, INC.

4.      That at the aforesaid time and place, and all relevant times herein, the authorized and/or

ostensible agent of the Defendant, ALLEN KELLEY, operated, controlled and drove the motor

vehicle within the permission of the Defendant, JAM LOGISTICS, INC.

5.      That at the aforesaid time and place, and at all relevant times herein, the Defendant, JAM

LOGISTICS, INC., had a right of control over its authorized and/or ostensible agent, ALLEN

KELLEY, in the operation of the aforesaid motor vehicle.

6.      That at the aforesaid time and place, and at all relevant times herein, the authorized agent

of the Defendant, ALLEN KELLEY, was conducting himself in such a manner as to cause

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 16 of 23

members of the general public, including the Plaintiff, JONATHAN MENDEZ, to believe that

he was an agent of the Defendant, JAM LOGISTICS, INC.

7.      That at the aforesaid time, and at all relevant times herein the Plaintiff, JONATHAN

MENDEZ, a minor, was a passenger in a vehicle, being driven by co-plaintiff MELVIN

MENDEZ, traveling in a generally southbound direction on I-90, at or near the Adams Street

exit, City of Chicago, County of Cook, Illinois.

8.      That at the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner

and principal through its agent, ALLEN KELLEY, did then and there drive said motor vehicle

into a violent rear-end collision with the vehicle Plaintiff was travelling in as a passenger.

9.      That at all relevant times herein, the Plaintiff, JONATHAN MENDEZ, was in the

exercise of all due care and caution for his own safety and the safety of others; that care being

commensurate with his age, intellect and mental capacity and with the physical circumstances

existent at such time and place

10.      That the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and

principal through his authorized and/or ostensible agent, ALLEN KELLEY, owed a duty to the

Plaintiff, JONATHAN MENDEZ, and to the public generally to exercise due and proper care

and caution in the operation of said motor vehicle.

11.      That at the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner

and principal through his authorized and/or ostensible agent, ALLEN KELLEY, breached the

aforesaid duty to the Plaintiff, JONATHAN MENDEZ, through one or more of the following

acts and /or omissions:

     (a)    owned, operated, controlled, and drove said motor vehicle into collision with
              Plaintiff;

     (b)    failed to keep said motor vehicle under proper and sufficient control;

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 17 of 23

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 18 of 23

(c)    operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

(d)    operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

(e)    failed to avoid an accident with the Plaintiff's vehicle when it was reasonably necessary to ensure Plaintiff's safety;

(f)    failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601;

(g)    failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

12.    As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, JAM LOGISTICS, INC., the Plaintiff, JONATHAN MENDEZ, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, the Plaintiff, JONATHAN MENDEZ, by and through his father and next best friend, MELVIN MENDEZ, demands judgment against the Defendant, JAM LOGISTICS, INC., for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.

## COUNT IX – JANIA MENDEZ, a minor, by and through her father and next best friend, MELVIN MENDEZ v. ALLEN KELLEY

1.    That on or about March 31, 2015, and at all relevant times herein, the Defendant, ALLEN KELLEY, owned, operated, maintained, and controlled a motor vehicle, travelling in a generally southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

2.    That at the aforesaid time, and at all relevant times herein the Plaintiff, JANIA MENDEZ, a minor, was a passenger in a vehicle, being driven by co-plaintiff MELVIN

MENDEZ, traveling in a generally southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

3.    That at the aforesaid time and place, and at all relevant times herein, the Defendant drove said motor vehicle into a violent rear-end collision with the vehicle Plaintiff was travelling in as a passenger.

4.    That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and place.

5.    At the aforesaid time and place and at all relevant times herein, the Defendant owed a duty to the Plaintiff, and to the public generally, to exercise due and proper care and caution in the operation of the said motor vehicle.

6.    That at the aforesaid time and place and all relevant times herein, the Defendant breached the aforesaid duty to the Plaintiff through one or more of the following negligent and careless acts and/or omissions:

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 19 of 23

  (a)    owned, operated, controlled, and drove said motor vehicle into collision with Plaintiff;

  (b)    failed to keep said motor vehicle under proper and sufficient control;

  (c)    operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

  (d)    operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

  (e)    failed to avoid an accident with the Plaintiff's vehicle when it was reasonably necessary to ensure Plaintiff's safety;

  (f)    failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601;

  (g)    failed to give an audible warning with horn when such warning was reasonably

19

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 20 of 23

necessary to insure safety, in violation of 625 ILCS 5/12-601;

7.    As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, ALLEN KELLEY, the Plaintiff, JANIA MENDEZ, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, the Plaintiff, JANIA MENDEZ, by and through her father and next best friend, MELVIN MENDEZ, demands judgment against the Defendant, ALLEN KELLEY, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.

### COUNT X – JANIA MENDEZ, a minor, by and through her father and next best friend, MELVIN MENDEZ v. JAM LOGISTICS, INC.

1.    That on or about March 31, 2015, and at all relevant times herein, ALLEN KELLEY, an authorized and/or ostensible agent of the Defendant, JAM LOGISTICS, INC., operated, controlled and drove a motor vehicle, traveling in a generally southbound direction on on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

2.    That at the aforesaid time and place, and at all relevant times herein, the Defendant, JAM LOGISTICS, INC., owned and maintained said motor vehicle then and there operated, controlled and driven by an authorized and/or ostensible agent of the Defendant, ALLEN KELLEY.

3.    That at the aforesaid time and place, and at all relevant times herein, the authorized and/or ostensible agent of the Defendant, ALLEN KELLEY, operated, controlled and drove the motor vehicle with the knowledge, consent and express and/or implied permission of the Defendant, JAM LOGISTICS, INC.

4.    That at the aforesaid time and place, and all relevant times herein, the authorized and/or ostensible agent of the Defendant, ALLEN KELLEY, operated, controlled and drove the motor vehicle within the permission of the Defendant, JAM LOGISTICS, INC.

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 21 of 23

5.      That at the aforesaid time and place, and at all relevant times herein, the Defendant, JAM LOGISTICS, INC., had a right of control over its authorized and/or ostensible agent, ALLEN KELLEY, in the operation of the aforesaid motor vehicle.

6.      That at the aforesaid time and place, and at all relevant times herein, the authorized agent of the Defendant, ALLEN KELLEY, was conducting himself in such a manner as to cause members of the general public, including the Plaintiff, JANIA MENDEZ, to believe that he was an agent of the Defendant, JAM LOGISTICS, INC.

7.      That at the aforesaid time, and at all relevant times herein the Plaintiff, JANIA MENDEZ, a minor, was a passenger in a vehicle, being driven by co-plaintiff MELVIN MENDEZ, traveling in a generally southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

8.      That at the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and principal through its agent, ALLEN KELLEY, did then and there drive said motor vehicle into a violent rear-end collision with the vehicle Plaintiff was travelling in as a passenger.

9.      That at all relevant times herein, the Plaintiff, JANIA MENDEZ, was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and place

10.     That the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and principal through his authorized and/or ostensible agent, ALLEN KELLEY, owed a duty to the Plaintiff, JANIA MENDEZ, and to the public generally to exercise due and proper care and caution in the operation of said motor vehicle.

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 22 of 23

11.     That at the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner

and principal through his authorized and/or ostensible agent, ALLEN KELLEY, breached the

aforesaid duty to the Plaintiff, JANIA MENDEZ, through one or more of the following acts and

/or omissions:

(a)     owned, operated, controlled, and drove said motor vehicle into collision with Plaintiff;

(b)     failed to keep said motor vehicle under proper and sufficient control;

(c)     operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

(d)     operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

(e)     failed to avoid an accident with the Plaintiff's vehicle when it was reasonably necessary to ensure Plaintiff's safety;

(f)     failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601;

(g)     failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

12.     As a direct and proximate result of one or more of the aforesaid negligent and careless

acts and/or omissions of the Defendant, JAM LOGISTICS, INC., the Plaintiff, JANIA

MENDEZ, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, the Plaintiff, JANIA MENDEZ, by and through her father and next best

friend, MELVIN MENDEZ, demands judgment against the Defendant, JAM LOGISTICS, INC.,

for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.



Attorney for Plaintiff

**THE VRDOLYAK LAW GROUP, LLC**
By: Jacquelyn A. Fernandez
Attorney for Plaintiff
9618 S. Commercial Ave.
Chicago, IL 60617
773-731-3311

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 23 of 23

3558.sbk        amc/sar #6207172

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

MELVIN MENDEZ; EBONY GRAYS; JANESSA          )
MENDEZ, a minor, by and through her father and    )
next best friend, MELVIN MENDEZ; JONATHAN     )
MENDEZ, a minor, by and through his father and    )
next best friend, MELVIN MENDEZ; JANIA MENDEZ,  )
a minor, by and through her father and next best friend,  )
MELVIN MENDEZ,                               )
                                             )
            Plaintiffs,                      )  No.
                                             )
        v.                                   )
                                             )
JAM LOGISTICS, INC. and ALLEN KELLEY,        )
                                             )
            Defendants.                      )

## AFFIDAVIT OF DOYLE SWANSON

Under penalties of perjury, the undersigned certifies that the statements set forth in this instrument

are true and correct, except as to matters herein stated to be upon information and belief, and as to such

matters, the undersigned certifies that he verily believes the same to be true:

1.      I am over the age of 18 years old, and I am competent to testify to the matters asserted

herein.

2.      I am the President of JAM Logistics, Inc.

3.      JAM Logistics, Inc. has not been served with the Complaint by Plaintiffs. JAM Logistics,

Inc. waives service of process effective April 17, 2017, pursuant to FRCP 4.

4.      I have reviewed the Complaint filed by Plaintiffs. I am familiar with the allegations as to the

accident on March 31, 2015.

5.      Since prior to March 31, 2015, JAM Logistics, Inc. has had its principal place of business in

Hope, Indiana.

6.      Since prior to March 31, 2015, JAM Logistics, Inc. has been incorporated in the State of

Indiana.

7.      Since prior to March 31, 2015, JAM Logistics, Inc. has been a domiciled citizen of the State

of Indiana.

EXHIBIT
B

FURTHER AFFIANT SAYETH NOT.

_____
DOYLE SWANSON

Subscribed and sworn to
before me this 27th day
of _____April_____, 2017.

_____
Notary Public
My Commission Expires:

Deanna K Compton
Notary Public
**Seal**
Bartholomew County, State of Indiana
My Commission Expires July 22, 2023

2

3558.sbk        amc/sar #6207172

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

MELVIN MENDEZ; EBONY GRAYS; JANESSA )
MENDEZ, a minor, by and through her father and )
next best friend, MELVIN MENDEZ; JONATHAN )
MENDEZ, a minor, by and through his father and )
next best friend, MELVIN MENDEZ; JANIA MENDEZ, )
a minor, by and through her father and next best friend, )
MELVIN MENDEZ, )
                                                      )
        Plaintiffs, )  No.
                                                     )
        v. )
                                                       )
JAM LOGISTICS, INC. and ALLEN KELLEY, )
                                                   )
        Defendants. )

**AFFIDAVIT OF ALLEN KELLEY**

      Under penalties of perjury, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters herein stated to be upon information and belief, and as to such matters, the undersigned certifies that he verily believes the same to be true:

    1.    I am over the age of 18 years old, and I am competent to testify to the matters asserted herein.

    2.    I am the defendant identified as Allen Kelley.

    3.    I am currently domiciled in the State of Indiana.

    4.    I am a citizen of the State of Indiana.  I am not a citizen of the State of Illinois.

    5.    I have reviewed the Complaint filed by Plaintiffs and I am familiar with the allegations.

    6.    I have not been served with the Complaint by Plaintiffs.  I waive service of process effective April 17, 2017 pursuant to FRCP 4.

    FURTHER AFFIANT SAYETH NOT.

                                                        *Allen Kelley*
                                                       ALLEN KELLEY

EXHIBIT
C

Subscribed and sworn to
before me this ___ day
of _____, 2017.

_____
Notary Public

My Commission Expires:

```
ANGIE J. VOLSIC
Seal
Notary Public - State of Indiana
Hamilton County
My Commission Expires Apr 18, 2024
```

2

Summons - Alias Summons                                                  (12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

MELVIN MENDEZ; EBONY GRAYS;

JANESSA MENDEZ; JONATHAN MENDEZ;

JANIA MENDEZ

v.

JAM LOGISTICS; ALLEN KELLEY

No. 2017-L-003147

Defendant Address:

JAM LOGISTICS

75 KING DRIVE

STREAMWOOD, IL 60107

☑ SUMMONS ☐ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __801__ ,Chicago, Illinois 60602

☐ District 2 - Skokie        ☐ District 3 - Rolling Meadows        ☐ District 4 - Maywood

    5600 Old Orchard Rd.         2121 Euclid 1500             Maybrook Ave.

    Skokie, IL 60077            Rolling Meadows, IL 60008       Maywood, IL 60153

☐ District 5 - Bridgeview     ☐ District 6 - Markham             ☐ Richard J. Daley Center

    10220 S. 76th Ave.          16501 S. Kedzie Pkwy.        50 W. Washington, LL-01

    Bridgeview, IL 60455        Markham, IL 60428            Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☐ Atty. No.: 41535

Name: VRDOLYAK LAW GROUP LLC

Atty. for: MELVIN MENDEZ

Address: 9618 S COMMERCIAL AV

City/State/Zip Code: CHICAGO, IL 60617

Telephone: (773) 731-3311

Primary Email Address: jacfernandez@vrdolyak.com

Secondary Email Address(es):

dhoffman@vrdolyak.com

Witness:               Monday, 27 March 2017

DOROTHY BROWN, Clerk of Court

Date of Service: _____

(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____

(Area Code) (Facsimile Telephone Number)

EXHIBIT

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### Page 1 of 1



# SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS
## AFFIDAVIT OF SERVICE

Q67 2254

*02397766*

**6**

CASE NUMBER: 17L003147　　　　MULT.SER. 1　　　　DOC. TYPE: LAW

**DIE DATE: 04/20/2017**　　RECEIVED DATE: 3/28/2017　　FILED DATE: 03/27/2017　　DIST: 107 SK
12:00:00 PM

| | |
|---|---|
| **DEFENDANT** | **PLANTIFF** |
| JAM LOGISTICS | MENDEZ, MELVIN |
| 75 KING DR | **ATTORNEY** |
| STREAMWOOD, IL 60107 | VRDOLYAK LAW GROUP LLC |
| | 9618 S COMMERCIAL AV AVENUE |
| **ATTACHED FEE AMOUNT:** | CHICAGO, IL 60617 |
| **SERVICE INFORMATION:**　RM 801 | (773) 731-3311 |

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

_____ **(1) PERSONAL SERVICE:**
BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

_____ **(2) SUBSTITUTE SERVICE:**
BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE _____ DAY OF _____ 20_____.

_____ **(3) UNKNOWN OCCUPANTS:**
BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

_____ **(4) CORP/CO/BUS/PART:**
BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION _____ COMPANY _____ BUSINESS _____ PARTNERSHIP _____

_____ **(5) PROPERTY RECOVERED:**
NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

_____ **(6) S.O.S./D.O.I.:**
BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

_____ **(7) CERTIFIED MAIL**

***** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT *****

_____ **(8)** AND BY MAILING ON THE _____ DAY OF _____ 20_____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATION SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| | | |
|---|---|---|
| _____ (01) NO CONTACT | _____ (05) WRONG ADDRESS | _____ (09) DECEASED |
| _____ (02) MOVED | _____ (06) NO SUCH ADDRESS | _____ (10) NO REGISTERED AGENT |
| _____ (03) EMPTY LOT | _____ (07) EMPLOYER REFUSAL | _____ (11) OUT OF COOK COUNTY |
| _____ (04) NOT LISTED | _____ (08) CANCELLED BY PLAINTIFF ATTY | ___X___ (12) OTHER REASON (EXPLAIN) |

EXPLANATION: Ken Tenant For last year Company Jam logistics
And Jef Allen Killey Unknown

WRIT SERVED ON: _____ NS

SEX: M / F　　RACE: _____ Man　　AGE: 7

THIS _____ DAY OF _____ Mar, 20 ___

Thomas J. Dart

SHERIFF, BY: _____, DEPUTY

**ATTEMPTED SERVICES**

| DATE | TIME (AM/PM) | STAR # |
|---|---|---|
| 3/Mar | 4:21 | 10442 |
| : | | |
| : | | |
| : | | |

T/H

SSC640

# Law DIVISION
## Litigant List

Printed on 03/28/2017

Case Number: 2017-L-003147

## Plaintiffs

| Plaintiffs Name | Plaintiffs Address | State | Zip | Unit # |
|---|---|---|---|---|
| MELVIN MENDEZ | | | | |
| EBONY GRAYS | | | | |
| JANESSA MENDEZ | | | | |
| JONATHAN MENDEZ | | | | |
| JANIA MENDEZ | | | | |

Total Plaintiffs: **5**

## Defendants

| Defendant Name | Defendant Address | State | Zip | Unit # | Service By |
|---|---|---|---|---|---|
| JAM LOGISTICS | 75 KING DRIVE STREAMWOOD, | IL | 60107 | | Sheriff-Clerk |
| ALLEN KELLEY | 5050 N STATE STREET HOPE, | IN | 47246 | | Sheriff-Filer |

Total Defendants: **2**

CIRCUIT COURT OF COOK COUNTY
LAW DIV., RM. 801  DALEY CTR.
CHICAGO, IL. 60602


ID: LD2017L003147    20170330000004
VRDOLYAK LAW GROUP LLC
9618 S COMMERCIAL AV
CHICAGO      IL 60617

              * * * * * N O T I C E * * * * *

              CASE  17-L-003147


MENDEZ MELVIN          V.      JAM LOGISTICS
THERE WILL BE A CASE MANAGEMENT CALL OF YOUR CASE ON TUESDAY
THE 23RD DAY OF MAY IN ROOM 2207 AT 10:00 A.M. AT THE
DALEY CENTER COURT HOUSE, 50 WEST WASHINGTON STREET, CHICAGO, IL


ATTENTION: EFFECTIVE JANUARY 2, 2014, PARTIES RECEIVING
POSTCARD NOTICE WILL BE CHARGED A STATUTORY FEE OF $15.00 +
POSTAGE. TO AVOID THIS FEE REGISTER FOR ELECTRONIC COURT
NOTICE AT WWW.COOKCOUNTYCLERKOFCOURT.ORG.

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
CALENDAR: D
PAGE 1 of 23
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

31006:JAF:njp

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MELVIN MENDEZ; EBONY GRAYS;  ) No:
JANESSA MENDEZ, a minor, by and  )
through her father and next best friend,  ) Amount: In Excess of Fifty Thousand
MELVIN MENDEZ; JONATHAN  ) Dollars ($50,000) Plus the Costs of This
MENDEZ, a minor, by and through  ) Suit.
his father and next best friend, MELVIN  )
MENDEZ; JANIA MENDEZ, a minor,  ) Return Date:
by and through her father and next best  )
friend, MELVIN MENDEZ.  )
                                             )
       Plaintiffs,  )
                                             )
vs.  )
                                             )
JAM LOGISTICS, INC.  )
and ALLEN KELLEY,  )
                                             )
       Defendants.  )

## COMPLAINT

NOW COMES the Plaintiffs, MELVIN MENDEZ; EBONY GRAYS; JANESSA

MENDEZ, a minor, by and through her father and next best friend, MELVIN MENDEZ;

JONATHAN MENDEZ, a minor, by and through his father and next best friend, MELVIN

MENDEZ; JANIA MENDEZ, a minor, by and through her father and next best friend, MELVIN

MENDEZ, by and through their attorneys, THE VRDOLYAK LAW GROUP, LLC, and

complaining of the Defendants, JAM LOGISTICS, INC., and ALLEN KELLEY, and states as

follows:

### COUNT I - MELVIN MENDEZ vs. ALLEN KELLEY

1.      That on or about March 31, 2015, and at all relevant times herein, the Defendant, ALLEN

KELLEY, operated, maintained, and controlled a motor vehicle, travelling in a generally

southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

2.     That at the aforesaid time, and at all relevant times herein the Plaintiff, MELVIN MENDEZ, owned, managed, maintained, and drove a motor vehicle, traveling in a generally southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

3.     That at the aforesaid time and place, and at all relevant times herein, the Defendant drove said motor vehicle into a violent rear-end collision with the vehicle Plaintiff was operating.

4.     That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for his own safety and the safety of others; that care being commensurate with his age, intellect and mental capacity and with the physical circumstances existent at such time and place.

5.     At the aforesaid time and place and at all relevant times herein, the Defendant owed a duty to the Plaintiff, and to the public generally, to exercise due and proper care and caution in the operation of the said motor vehicle.

6.     That at the aforesaid time and place and all relevant times herein, the Defendant breached the aforesaid duty to the Plaintiff through one or more of the following negligent and careless acts and/or omissions:

    (a)     owned, operated, controlled, and drove said motor vehicle into collision with Plaintiff;

    (b)     failed to keep said motor vehicle under proper and sufficient control;

    (c)     operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

    (d)     operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 2 of 23

2

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 3 of 23

(e)     failed to avoid an accident with the Plaintiff's vehicle when it was reasonably necessary to ensure Plaintiff's safety;

(f)     failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601;

(g)     failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

7.     As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, ALLEN KELLEY, the Plaintiff, MELVIN MENDEZ, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, the Plaintiff, MELVIN MENDEZ, demands judgment against the Defendant, ALLEN KELLEY, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.

## COUNT II – MELVIN MENDEZ v. JAM LOGISTICS, INC.

1.     That on or about March 31, 2015, and at all relevant times herein, ALLEN KELLEY, an authorized and/or ostensible agent of the Defendant, JAM LOGISTICS, INC., operated, controlled and drove a motor vehicle, traveling in a generally southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

2.     That at the aforesaid time and place, and at all relevant times herein, the Defendant, JAM LOGISTICS, INC., owned and maintained said motor vehicle then and there operated, controlled and driven by an authorized and/or ostensible agent of the Defendant, ALLEN KELLEY.

3.     That at the aforesaid time and place, and at all relevant times herein, the authorized and/or ostensible agent of the Defendant, ALLEN KELLEY, operated, controlled and drove the motor vehicle with the knowledge, consent and express and/or implied permission of the Defendant, JAM LOGISTICS, INC.

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 4 of 23

4.      That at the aforesaid time and place, and all relevant times herein, the authorized and/or ostensible agent of the Defendant, ALLEN KELLEY, operated, controlled and drove the motor vehicle within the permission of the Defendant, JAM LOGISTICS, INC.

5.      That at the aforesaid time and place, and at all relevant times herein, the Defendant, JAM LOGISTICS, INC., had a right of control over its authorized and/or ostensible agent, ALLEN KELLEY, in the operation of the aforesaid motor vehicle.

6.      That at the aforesaid time and place, and at all relevant times herein, the authorized agent of the Defendant, ALLEN KELLEY, was conducting himself in such a manner as to cause members of the general public, including the Plaintiff, MELVIN MENDEZ, to believe that he was an agent of the Defendant, JAM LOGISTICS, INC..

7.      That at the aforesaid time and place, the Plaintiff, MELVIN MENDEZ, owned, operated, controlled and drove a motor vehicle, traveling in a generally southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

8.      That at the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and principal through its agent, ALLEN KELLEY, did then and there drive said motor vehicle into a violent rear-end collision with the vehicle Plaintiff was operating.

9.      That at all relevant times herein, the Plaintiff, MELVIN MENDEZ, was in the exercise of all due care and caution for his own safety and the safety of others; that care being commensurate with his age, intellect and mental capacity and with the physical circumstances existent at such time and place

10.      That the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and principal through his authorized and/or ostensible agent, ALLEN KELLEY, owed a duty to the

Plaintiff, MELVIN MENDEZ, and to the public generally to exercise due and proper care and caution in the operation of said motor vehicle.

11.     That at the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and principal through his authorized and/or ostensible agent, ALLEN KELLEY, breached the aforesaid duty to the Plaintiff, MELVIN MENDEZ, through one or more of the following acts and /or omissions:

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 5 of 23

      (a)     owned, operated, controlled, and drove said motor vehicle into collision with Plaintiff;

      (b)     failed to keep said motor vehicle under proper and sufficient control;

      (c)     operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

      (d)     operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

      (e)     failed to avoid an accident with the Plaintiff's vehicle when it was reasonably necessary to ensure Plaintiff's safety;

      (f)     failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601;

      (g)     failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

12.     As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, JAM LOGISTICS, INC., the Plaintiff, MELVIN MENDEZ, suffered injuries and damages of a personal, pecuniary and permanent nature.

      WHEREFORE, the Plaintiff, MELVIN MENDEZ, demands judgment against the Defendant, JAM LOGISTICS, INC., for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.

5

## COUNT III - EBONY GRAYS vs. ALLEN KELLEY

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 6 of 23

1.      That on or about March 31, 2015, and at all relevant times herein, the Defendant, ALLEN KELLEY, owned, operated, maintained, and controlled a motor vehicle, travelling in a generally southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

2.      That at the aforesaid time, and at all relevant times herein the Plaintiff, EBONY GRAYS, was a passenger in a vehicle, being driven by co-plaintiff MELVIN MENDEZ, traveling in a generally southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

3.      That at the aforesaid time and place, and at all relevant times herein, the Defendant drove said motor vehicle into a violent rear-end collision with the vehicle Plaintiff was travelling in as a passenger.

4.      That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and place.

5.      At the aforesaid time and place and at all relevant times herein, the Defendant owed a duty to the Plaintiff, and to the public generally, to exercise due and proper care and caution in the operation of the said motor vehicle.

6.      That at the aforesaid time and place and all relevant times herein, the Defendant breached the aforesaid duty to the Plaintiff through one or more of the following negligent and careless acts and/or omissions:

   (a)     owned, operated, controlled, and drove said motor vehicle into collision with Plaintiff;

   (b)     failed to keep said motor vehicle under proper and sufficient control;

6

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 7 of 23

(c)    operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

(d)    operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

(e)    failed to avoid an accident with the Plaintiff's vehicle when it was reasonably necessary to ensure Plaintiff's safety;

(f)    failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601;

(g)    failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

7.    As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, ALLEN KELLEY, the Plaintiff, EBONY GRAYS, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, the Plaintiff, EBONY GRAYS, demands judgment against the Defendant, ALLEN KELLEY, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.

## COUNT IV – EBONY GRAYS v. JAM LOGISTICS, INC.

1.    That on or about March 31, 2015, and at all relevant times herein, ALLEN KELLEY, an authorized and/or ostensible agent of the Defendant, JAM LOGISTICS, INC., operated, controlled and drove a motor vehicle, traveling in a generally southbound direction on on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

2.    That at the aforesaid time and place, and at all relevant times herein, the Defendant, JAM LOGISTICS, INC., owned and maintained said motor vehicle then and there operated, controlled and driven by an authorized and/or ostensible agent of the Defendant, ALLEN KELLEY.

7

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 8 of 23

3.      That at the aforesaid time and place, and at all relevant times herein, the authorized and/or ostensible agent of the Defendant, ALLEN KELLEY, operated, controlled and drove the motor vehicle with the knowledge, consent and express and/or implied permission of the Defendant, JAM LOGISTICS, INC.

4.      That at the aforesaid time and place, and all relevant times herein, the authorized and/or ostensible agent of the Defendant, ALLEN KELLEY, operated, controlled and drove the motor vehicle within the permission of the Defendant, JAM LOGISTICS, INC.

5.      That at the aforesaid time and place, and at all relevant times herein, the Defendant, JAM LOGISTICS, INC., had a right of control over its authorized and/or ostensible agent, ALLEN KELLEY, in the operation of the aforesaid motor vehicle.

6.      That at the aforesaid time and place, and at all relevant times herein, the authorized agent of the Defendant, ALLEN KELLEY, was conducting himself in such a manner as to cause members of the general public, including the Plaintiff, EBONY GRAYS, to believe that he was an agent of the Defendant, JAM LOGISTICS, INC.

7.      That at the aforesaid time, and at all relevant times herein the Plaintiff, EBONY GRAYS, was a passenger in a vehicle, being driven by co-plaintiff MELVIN MENDEZ, traveling in a generally southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

8.      That at the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and principal through its agent, ALLEN KELLEY, did then and there drive said motor vehicle into a violent rear-end collision with the vehicle Plaintiff was travelling in as a passenger.

9.      That at all relevant times herein, the Plaintiff, EBONY GRAYS, was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate

8

with her age, intellect and mental capacity and with the physical circumstances existent at such time and place

10.    That the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and principal through his authorized and/or ostensible agent, ALLEN KELLEY, owed a duty to the Plaintiff, EBONY GRAYS, and to the public generally to exercise due and proper care and caution in the operation of said motor vehicle.

11.    That at the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and principal through his authorized and/or ostensible agent, ALLEN KELLEY, breached the aforesaid duty to the Plaintiff, EBONY GRAYS, through one or more of the following acts and /or omissions:

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 9 of 23

(a)    owned, operated, controlled, and drove said motor vehicle into collision with Plaintiff;

(b)    failed to keep said motor vehicle under proper and sufficient control;

(c)    operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

(d)    operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

(e)    failed to avoid an accident with the Plaintiff's vehicle when it was reasonably necessary to ensure Plaintiff's safety;

(f)    failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601;

(g)    failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

12.    As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, JAM LOGISTICS, INC., the Plaintiff, EBONY GRAYS, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, the Plaintiff, EBONY GRAYS, demands judgment against the

Defendant, JAM LOGISTICS, INC., for a sum in excess of FIFTY THOUSAND ($50,000.00)

DOLLARS, plus costs of this suit.

### COUNT V – JANESSA MENDEZ, a minor, by and through her father and next best friend, MELVIN MENDEZ v. ALLEN KELLEY

1.      That on or about March 31, 2015, and at all relevant times herein, the Defendant, ALLEN

KELLEY, owned, operated, maintained, and controlled a motor vehicle, travelling in a generally

southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook,

Illinois.

2.      That at the aforesaid time, and at all relevant times herein the Plaintiff, JANESSA

MENDEZ, a minor, was a passenger in a vehicle, being driven by co-plaintiff MELVIN

MENDEZ, traveling in a generally southbound direction on I-90, at or near the Adams Street

exit, City of Chicago, County of Cook, Illinois.

3.      That at the aforesaid time and place, and at all relevant times herein, the Defendant

drove said motor vehicle into a violent rear-end collision with the vehicle Plaintiff was travelling

in as a passenger.

4.      That at all relevant times herein, the Plaintiff was in the exercise of all due care and

caution for her own safety and the safety of others; that care being commensurate with her age,

intellect and mental capacity and with the physical circumstances existent at such time and place.

5.      At the aforesaid time and place and at all relevant times herein, the Defendant owed a

duty to the Plaintiff, and to the public generally, to exercise due and proper care and caution in

the operation of the said motor vehicle.

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 10 of 23

6.     That at the aforesaid time and place and all relevant times herein, the Defendant breached the aforesaid duty to the Plaintiff through one or more of the following negligent and careless acts and/or omissions:

(a)     owned, operated, controlled, and drove said motor vehicle into collision with Plaintiff;

(b)     failed to keep said motor vehicle under proper and sufficient control;

(c)     operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

(d)     operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

(e)     failed to avoid an accident with the Plaintiff's vehicle when it was reasonably necessary to ensure Plaintiff's safety;

(f)     failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601;

(g)     failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 11 of 23

7.     As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, ALLEN KELLEY, the Plaintiff, JANESSA MENDEZ, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, the Plaintiff, JANESSA MENDEZ, by and through her father and next best friend, MELVIN MENDEZ, demands judgment against the Defendant, ALLEN KELLEY, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.

### COUNT VI – JANESSA MENDEZ, a minor, by and through her father and next best friend, MELVIN MENDEZ v. JAM LOGISTICS, INC.

1.     That on or about March 31, 2015, and at all relevant times herein, ALLEN KELLEY, an authorized and/or ostensible agent of the Defendant, JAM LOGISTICS, INC., operated,

controlled and drove a motor vehicle, traveling in a generally southbound direction on on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

2.     That at the aforesaid time and place, and at all relevant times herein, the Defendant, JAM LOGISTICS, INC., owned and maintained said motor vehicle then and there operated, controlled and driven by an authorized and/or ostensible agent of the Defendant, ALLEN KELLEY.

3.     That at the aforesaid time and place, and at all relevant times herein, the authorized and/or ostensible agent of the Defendant, ALLEN KELLEY, operated, controlled and drove the motor vehicle with the knowledge, consent and express and/or implied permission of the Defendant, JAM LOGISTICS, INC.

4.     That at the aforesaid time and place, and all relevant times herein, the authorized and/or ostensible agent of the Defendant, ALLEN KELLEY, operated, controlled and drove the motor vehicle within the permission of the Defendant, JAM LOGISTICS, INC.

5.     That at the aforesaid time and place, and at all relevant times herein, the Defendant, JAM LOGISTICS, INC., had a right of control over its authorized and/or ostensible agent, ALLEN KELLEY, in the operation of the aforesaid motor vehicle.

6.     That at the aforesaid time and place, and at all relevant times herein, the authorized agent of the Defendant, ALLEN KELLEY, was conducting himself in such a manner as to cause members of the general public, including the Plaintiff, JANESSA MENDEZ, to believe that he was an agent of the Defendant, JAM LOGISTICS, INC.

7.     That at the aforesaid time, and at all relevant times herein the Plaintiff, JANESSA MENDEZ, a minor, was a passenger in a vehicle, being driven by co-plaintiff MELVIN MENDEZ, traveling in a generally southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 12 of 23

12

8. That at the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and principal through its agent, ALLEN KELLEY, did then and there drive said motor vehicle into a violent rear-end collision with the vehicle Plaintiff was travelling in as a passenger.

9. That at all relevant times herein, the Plaintiff, JANESSA MENDEZ, was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and place

10. That the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and principal through his authorized and/or ostensible agent, ALLEN KELLEY, owed a duty to the Plaintiff, JANESSA MENDEZ, and to the public generally to exercise due and proper care and caution in the operation of said motor vehicle.

11. That at the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and principal through his authorized and/or ostensible agent, ALLEN KELLEY, breached the aforesaid duty to the Plaintiff, JANESSA MENDEZ, through one or more of the following acts and /or omissions:

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 13 of 23

 (a) owned, operated, controlled, and drove said motor vehicle into collision with Plaintiff;

 (b) failed to keep said motor vehicle under proper and sufficient control;

 (c) operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

 (d) operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

 (e) failed to avoid an accident with the Plaintiff's vehicle when it was reasonably necessary to ensure Plaintiff's safety;

 (f) failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601;

(g)    failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

12.    As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, JAM LOGISTICS, INC., the Plaintiff, JANESSA MENDEZ, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, the Plaintiff, JANESSA MENDEZ, by and through her father and next best friend, MELVIN MENDEZ, demands judgment against the Defendant, JAM LOGISTICS, INC., for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.

### COUNT VII – JONATHAN MENDEZ, a minor, by and through his father and next best friend, MELVIN MENDEZ v. ALLEN KELLEY

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 14 of 23

1.    That on or about March 31, 2015, and at all relevant times herein, the Defendant, ALLEN KELLEY, owned, operated, maintained, and controlled a motor vehicle, travelling in a generally southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

2.    That at the aforesaid time, and at all relevant times herein the Plaintiff, JONATHAN MENDEZ, a minor, was a passenger in a vehicle, being driven by co-plaintiff MELVIN MENDEZ, traveling in a generally southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

3.    That at the aforesaid time and place, and at all relevant times herein, the Defendant drove said motor vehicle into a violent rear-end collision with the vehicle Plaintiff was travelling in as a passenger.

4.      That at all relevant times herein, the Plaintiff was in the exercise of all due care and

caution for his own safety and the safety of others; that care being commensurate with his age,

intellect and mental capacity and with the physical circumstances existent at such time and place.

5.      At the aforesaid time and place and at all relevant times herein, the Defendant owed a

duty to the Plaintiff, and to the public generally, to exercise due and proper care and caution in

the operation of the said motor vehicle.

6.      That at the aforesaid time and place and all relevant times herein, the Defendant breached

the aforesaid duty to the Plaintiff through one or more of the following negligent and careless

acts and/or omissions:

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 15 of 23

> (a)    owned, operated, controlled, and drove said motor vehicle into collision with
>        Plaintiff;
>
> (b)    failed to keep said motor vehicle under proper and sufficient control;
>
> (c)    operated, controlled, and drove said motor vehicle so that as a direct and
>        proximate result thereof, Plaintiff was injured;
>
> (d)    operated, controlled, and drove said motor vehicle without keeping a proper and
>        sufficient lookout;
>
> (e)    failed to avoid an accident with the Plaintiff's vehicle when it was reasonably
>        necessary to ensure Plaintiff's safety;
>
> (f)    failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625
>        ILCS 5/11-601;
>
> (g)    failed to give an audible warning with horn when such warning was reasonably
>        necessary to insure safety, in violation of 625 ILCS 5/12-601;

7.      As a direct and proximate result of one or more of the aforesaid negligent and careless

acts and/or omissions of the Defendant, ALLEN KELLEY, the Plaintiff, JONATHAN

MENDEZ, suffered injuries and damages of a personal, pecuniary and permanent nature.

15

WHEREFORE, the Plaintiff, JONATHAN MENDEZ, by and through her father and next best friend, MELVIN MENDEZ, demands judgment against the Defendant, ALLEN KELLEY, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.

### COUNT VIII – JONATHAN MENDEZ, a minor, by and through his father and next best friend, MELVIN MENDEZ v. JAM LOGISTICS, INC.

1.  That on or about March 31, 2015, and at all relevant times herein, ALLEN KELLEY, an authorized and/or ostensible agent of the Defendant, JAM LOGISTICS, INC., operated, controlled and drove a motor vehicle, traveling in a generally southbound direction on on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

2.  That at the aforesaid time and place, and at all relevant times herein, the Defendant, JAM LOGISTICS, INC., owned and maintained said motor vehicle then and there operated, controlled and driven by an authorized and/or ostensible agent of the Defendant, ALLEN KELLEY.

3.  That at the aforesaid time and place, and at all relevant times herein, the authorized and/or ostensible agent of the Defendant, ALLEN KELLEY, operated, controlled and drove the motor vehicle with the knowledge, consent and express and/or implied permission of the Defendant, JAM LOGISTICS, INC.

4.  That at the aforesaid time and place, and all relevant times herein, the authorized and/or ostensible agent of the Defendant, ALLEN KELLEY, operated, controlled and drove the motor vehicle within the permission of the Defendant, JAM LOGISTICS, INC.

5.  That at the aforesaid time and place, and at all relevant times herein, the Defendant, JAM LOGISTICS, INC., had a right of control over its authorized and/or ostensible agent, ALLEN KELLEY, in the operation of the aforesaid motor vehicle.

6.  That at the aforesaid time and place, and at all relevant times herein, the authorized agent of the Defendant, ALLEN KELLEY, was conducting himself in such a manner as to cause

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 16 of 23

16

members of the general public, including the Plaintiff, JONATHAN MENDEZ, to believe that

he was an agent of the Defendant, JAM LOGISTICS, INC.

7.      That at the aforesaid time, and at all relevant times herein the Plaintiff, JONATHAN

MENDEZ, a minor, was a passenger in a vehicle, being driven by co-plaintiff MELVIN

MENDEZ, traveling in a generally southbound direction on I-90, at or near the Adams Street

exit, City of Chicago, County of Cook, Illinois.

8.      That at the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner

and principal through its agent, ALLEN KELLEY, did then and there drive said motor vehicle

into a violent rear-end collision with the vehicle Plaintiff was travelling in as a passenger.

9.      That at all relevant times herein, the Plaintiff, JONATHAN MENDEZ, was in the

exercise of all due care and caution for his own safety and the safety of others; that care being

commensurate with his age, intellect and mental capacity and with the physical circumstances

existent at such time and place

10.     That the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and

principal through his authorized and/or ostensible agent, ALLEN KELLEY, owed a duty to the

Plaintiff, JONATHAN MENDEZ, and to the public generally to exercise due and proper care

and caution in the operation of said motor vehicle.

11.     That at the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner

and principal through his authorized and/or ostensible agent, ALLEN KELLEY, breached the

aforesaid duty to the Plaintiff, JONATHAN MENDEZ, through one or more of the following

acts and /or omissions:

> (a)    owned, operated, controlled, and drove said motor vehicle into collision with
>        Plaintiff;

> (b)    failed to keep said motor vehicle under proper and sufficient control;

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 17 of 23

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 18 of 23

(c)    operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

(d)    operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

(e)    failed to avoid an accident with the Plaintiff's vehicle when it was reasonably necessary to ensure Plaintiff's safety;

(f)    failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601;

(g)    failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

12.    As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, JAM LOGISTICS, INC., the Plaintiff, JONATHAN MENDEZ, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, the Plaintiff, JONATHAN MENDEZ, by and through his father and next best friend, MELVIN MENDEZ, demands judgment against the Defendant, JAM LOGISTICS, INC., for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.

## COUNT IX – JANIA MENDEZ, a minor, by and through her father and next best friend, MELVIN MENDEZ v. ALLEN KELLEY

1.    That on or about March 31, 2015, and at all relevant times herein, the Defendant, ALLEN KELLEY, owned, operated, maintained, and controlled a motor vehicle, travelling in a generally southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

2.    That at the aforesaid time, and at all relevant times herein the Plaintiff, JANIA MENDEZ, a minor, was a passenger in a vehicle, being driven by co-plaintiff MELVIN

MENDEZ, traveling in a generally southbound direction on I-90, at or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

3.      That at the aforesaid time and place, and at all relevant times herein, the Defendant drove said motor vehicle into a violent rear-end collision with the vehicle Plaintiff was travelling in as a passenger.

4.      That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and place.

5.      At the aforesaid time and place and at all relevant times herein, the Defendant owed a duty to the Plaintiff, and to the public generally, to exercise due and proper care and caution in the operation of the said motor vehicle.

6.      That at the aforesaid time and place and all relevant times herein, the Defendant breached the aforesaid duty to the Plaintiff through one or more of the following negligent and careless acts and/or omissions:

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 19 of 23

(a)     owned, operated, controlled, and drove said motor vehicle into collision with Plaintiff;

(b)     failed to keep said motor vehicle under proper and sufficient control;

(c)     operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

(d)     operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

(e)     failed to avoid an accident with the Plaintiff's vehicle when it was reasonably necessary to ensure Plaintiff's safety;

(f)     failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601;

(g)     failed to give an audible warning with horn when such warning was reasonably

19

necessary to insure safety, in violation of 625 ILCS 5/12-601;

7.     As a direct and proximate result of one or more of the aforesaid negligent and careless

acts and/or omissions of the Defendant, ALLEN KELLEY, the Plaintiff, JANIA MENDEZ,

suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, the Plaintiff, JANIA MENDEZ, by and through her father and next best

friend, MELVIN MENDEZ, demands judgment against the Defendant, ALLEN KELLEY, for a

sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.

### COUNT X – JANIA MENDEZ, a minor, by and through her father and next best friend, MELVIN MENDEZ v. JAM LOGISTICS, INC.

1.     That on or about March 31, 2015, and at all relevant times herein, ALLEN KELLEY, an

authorized and/or ostensible agent of the Defendant, JAM LOGISTICS, INC., operated,

controlled and drove a motor vehicle, traveling in a generally southbound direction on on I-90, at

or near the Adams Street exit, City of Chicago, County of Cook, Illinois.

2.     That at the aforesaid time and place, and at all relevant times herein, the Defendant, JAM

LOGISTICS, INC., owned and maintained said motor vehicle then and there operated, controlled

and driven by an authorized and/or ostensible agent of the Defendant, ALLEN KELLEY.

3.     That at the aforesaid time and place, and at all relevant times herein, the authorized

and/or ostensible agent of the Defendant, ALLEN KELLEY, operated, controlled and drove the

motor vehicle with the knowledge, consent and express and/or implied permission of the

Defendant, JAM LOGISTICS, INC.

4.     That at the aforesaid time and place, and all relevant times herein, the authorized and/or

ostensible agent of the Defendant, ALLEN KELLEY, operated, controlled and drove the motor

vehicle within the permission of the Defendant, JAM LOGISTICS, INC.

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 20 of 23

5. That at the aforesaid time and place, and at all relevant times herein, the Defendant, JAM

LOGISTICS, INC., had a right of control over its authorized and/or ostensible agent, ALLEN

KELLEY, in the operation of the aforesaid motor vehicle.

6. That at the aforesaid time and place, and at all relevant times herein, the authorized agent

of the Defendant, ALLEN KELLEY, was conducting himself in such a manner as to cause

members of the general public, including the Plaintiff, JANIA MENDEZ, to believe that he was

an agent of the Defendant, JAM LOGISTICS, INC.

7. That at the aforesaid time, and at all relevant times herein the Plaintiff, JANIA

MENDEZ, a minor, was a passenger in a vehicle, being driven by co-plaintiff MELVIN

MENDEZ, traveling in a generally southbound direction on I-90, at or near the Adams Street

exit, City of Chicago, County of Cook, Illinois.

8. That at the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner

and principal through its agent, ALLEN KELLEY, did then and there drive said motor vehicle

into a violent rear-end collision with the vehicle Plaintiff was travelling in as a passenger.

9. That at all relevant times herein, the Plaintiff, JANIA MENDEZ, was in the exercise of

all due care and caution for her own safety and the safety of others; that care being

commensurate with her age, intellect and mental capacity and with the physical circumstances

existent at such time and place

10. That the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and

principal through his authorized and/or ostensible agent, ALLEN KELLEY, owed a duty to the

Plaintiff, JANIA MENDEZ, and to the public generally to exercise due and proper care and

caution in the operation of said motor vehicle.

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 21 of 23

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 22 of 23

11.    That at the aforesaid time and place, the Defendant, JAM LOGISTICS, INC., as owner and principal through his authorized and/or ostensible agent, ALLEN KELLEY, breached the aforesaid duty to the Plaintiff, JANIA MENDEZ, through one or more of the following acts and /or omissions:

    (a)    owned, operated, controlled, and drove said motor vehicle into collision with Plaintiff;

    (b)    failed to keep said motor vehicle under proper and sufficient control;

    (c)    operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

    (d)    operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

    (e)    failed to avoid an accident with the Plaintiff's vehicle when it was reasonably necessary to ensure Plaintiff's safety;

    (f)    failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601;

    (g)    failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

12.    As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, JAM LOGISTICS, INC., the Plaintiff, JANIA MENDEZ, suffered injuries and damages of a personal, pecuniary and permanent nature.

    WHEREFORE, the Plaintiff, JANIA MENDEZ, by and through her father and next best friend, MELVIN MENDEZ, demands judgment against the Defendant, JAM LOGISTICS, INC., for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.



Attorney for Plaintiff

22

**THE VRDOLYAK LAW GROUP, LLC**
By: Jacquelyn A. Fernandez
Attorney for Plaintiff
9618 S. Commercial Ave.
Chicago, IL 60617
773-731-3311

ELECTRONICALLY FILED
3/27/2017 5:34 PM
2017-L-003147
PAGE 23 of 23